The question raised in this case in regard to the allowance of interest upon the rent, must be considered as conclusively settled by the cases of Lush v. Druse, (4 Wend. 313,) VanRensselaer v. Jones, (2 Barb. S.C.R. 643,) and VanRensselaer v. Jewett, (2 Coms. 135.)
It is insisted on the part of the appellant, that there were two questions of fact which ought to have been submitted to the jury, viz: 1. Whether the plaintiff had waived the services reserved by the lease; and 2. Whether the defendant had requested the plaintiff to designate a place for the payment of the rent, and had offered to pay the same upon a place being appointed.
With respect to the first of these questions, it will be seen, that it was rendered immaterial, by the deduction from the amount of the plaintiff's claim, of all that was included for non-performance of services, subsequent to the supposed waiver. This was giving to the defendant the full benefit of all he could claim from the waiver, if found by the jury. There could therefore be no necessity for submitting this question. In regard to the second question, it is plain that it was wholly immaterial considered by itself, whether the defendant had requested the plaintiff to appoint a place of payment or not, or whether the latter had declined or not; this could only be material in connection with other facts of which there was no proof. Because, if the designation of a place of payment by the landlord, was a condition precedent to the obligation to pay the rent, as claimed by the defendant, then, as no such designation was proved, the plaintiff should have been nonsuited, without regard *Page 88 
to the question whether he was called upon to appoint a place or not. If, on the other hand, the judge was right in holding this not to be a condition precedent, then the defendant was not absolved from his obligation to pay, by the omission or refusal of the plaintiff to appoint a place. Evidence of such a refusal might in one view of the case be material, in connection with proof of a tender of the rent at some place not appointed; but in no other respect could it be of any importance; and as no such proof was offered, the judge was right in disregarding the question. It could not have affected the result if expressly found by the jury.
The case is reduced therefore to the single question, whether the obligation of the defendant to pay the rent reserved by the lease, was dependent upon the prior designation of a place of payment, by the plaintiff.
The clause in the lease upon which this question arises, is as follows: "Yielding and paying therefor, unto the said party of the first part, his heirs, executors, administrators or assigns, yearly and every year on every first day of January, during the term hereby demised, at the North river, within the county ofColumbia, or within the said lot No. 3, as the party of thefirst part shall from time to time direct, the rent of twenty-five bushels of good, clean, merchantable winter wheat, of the first quality, four hens and two days' riding." This clause is followed by a covenant to "pay, fulfill, accomplish and perform, the rents and services before reserved."
When and where was the rent upon this lease to be paid? It will be found on looking into this subject that the law is particularly careful not to permit any omission or uncertainty in regard to the mere place of payment, to interpose any obstacle in the way of the due performance of the contract. It favors the punctual and prompt discharge of all obligations, and hence adopts such rules as will facilitate that object. In all cases, therefore, where the parties have failed expressly to stipulate as to the place of payment, the law either definitely fixes the *Page 89 
place, or affords the means by which the obligor, by a proper observance of its rules, may ascertain and fix it. So universally true is this, that it may be safely assumed, that there are few cases if any, in which an obligation to pay, either in money, in goods or in services, is by its terms to be met upon a particular day, where the obligor may not, if he act with a due regard to the rules of law, discharge himself of the obligation on thatday. It would be a great hardship were it otherwise, and were the debtor compelled to rest under the obligation, although ready and willing to pay.
In this case the obligation assumed is, to pay the rent upon"every first day of January during the term," and the landlord has a right to designate the place of payment. But suppose he omits to do this, on or prior to the day fixed, what then is to follow? The consequences of holding that the designation of the place is a condition precedent, and that the rent cannot be paid until that is done, must, I think be, that unless the lessor appoints the place on or before the day, the rent is forevergone. Because otherwise, it would be in the power of the landlord to change the contract. By the agreement of the parties the rent is payable on a certain day; but if the lessor may omit to appoint the place of payment in time for that day, and afterwards designate it, he may make the rent payable whenever he chooses. This would be entirely repugnant to the settled rules in regard to contracts.
It is at least clear that the appellant, to sustain his defense, must maintain one of two propositions, viz: that the omission of the landlord, or at all events his refusal when called upon, to appoint a place of payment, worked a forfeiture of the rent; or, that the tenant might be subjected to the accumulation of the rent from year to year, without the power of discharging it.
But the law in my judgment would not tolerate the doctrine, either that the rent, for which the tenant is presumed to have received a full equivalent, is absolutely discharged and lost by the omission or refusal of the landlord to appoint a place to *Page 90 
receive it, or that the tenant who has fixed a day certain for the payment, may be kept at bay and forced to wait, until the lessor chooses to make such appointment. All the analogies of the law are against this assumption. For instance: in case of a note or obligation payable in ponderous articles, such as lumber or iron; the creditor has a right to point out the place of delivery, and it is the duty of the debtor to call upon him to do so; but if he omit or refuse to name a place, the debtor is not thereby discharged, but must still pay. It is not, however, very definitely settled, what course the debtor is to take under such circumstances. Chipman, in his essay on contracts, after remarking, that the books, on account of the infrequency of such cases, afford no certain guide as to what is to be done, says, "Yet when such a case does arise, it must be a reproach upon the law, if it do not point out the duty of the debtor, andenable him to do, that which will legally discharge him from the contract." (Chipman on Cont. 26. See also Barns v. Graham,
4 Cowen, 452.)
So it may be said in this case, with even greater force, on account of the steady accumulation of the indebtedness, that it would be a "reproach upon the law" if it did not afford some means by which the tenant could relieve himself of the obligation. But I apprehend that no such reproach need rest upon our judicial system, as the whole difficulty consists in the want of a certain and fixed place of payment; and that is a difficulty which the law will be found in all cases to remove, by appointing a place for the parties, where they have omitted to do it for themselves.
If, then, we adopt the dictates of reason and justice, or the rules of law in analogous cases, we must conclude, that when the time arrived for the payment of the rent upon this lease, if the landlord failed to point out the place of payment, there was still some mode in which the tenant could legally perform his covenant. What then was that mode?
The question is, I think, sufficiently answered by the established rules on the subject. There is much less difficulty in *Page 91 
such a case when the debt to be paid consists of rent, than when it arises upon an obligation at large; because in the latter case, the place of payment when not fixed by the terms of the contract, depends upon a variety of circumstances, all of which are to be considered: whereas rent is a mere product or issue of lands, and on account of this connection, the law uniformly holds, that when no other place is fixed for the payment of rent, it is payable upon the land out of which it issues. (Walter v.Dewey, 16 John. 222; Hunter v. Le Conte, 6 Cowen, 728.)
I see no difficulty therefore in coming to the conclusion, that the rent in this case, until some other place was designated, was payable upon the demised premises; and if so, it can need neither argument or authority to prove, that it was the duty of the tenant to pay or tender the rent upon the land, and that he would be in default if he omitted to perform this duty. This must of course follow, because the only obstacle to the payment of the rent being removed by the act of the law in fixing the place, the tenant is left without excuse for not complying with his covenant. It is the same in all respects as if the place was fixed by the contract, or by the act of the parties.
But we are not driven to rest our conclusion upon this deduction from general principles alone. It is amply sustained, I think, by direct authority. In the case of Remsen v. Conklin,
(18 John. 447,) the reservation of rent in the lease was as follows: "Yielding and paying, c. yearly, and every year, (after four years from the 1st of August, 1794,) upon the first day of February in every year, at such place in the city of Albany as the said parties of the first part, their heirs or assigns shall for that purpose, from time to time appoint, the yearly rent of ninety-two bushels, and four-fifths of a bushel of good merchantable winter wheat." The land leased was in Oneida county. The rent was suffered to remain in arrear for a number of years, and the executors of the lessor brought covenant against the assignee of the lessee. The defendant pleaded in bar that the plaintiff had not appointed a place in the city of Albany for the payment of the rent; and *Page 92 
to this the plaintiff demurred. The court sustained the demurrer, and Spencer, Ch. J. after remarking that it became the duty of the landlord, if he would have the rent paid in Albany, to appoint a place and give notice to the defendant, adds, "and in case this appointment was not made and notice given, the consequence would be that the defendant would be absolved from delivering the wheat in Albany, but still he would be bound todeliver it on the land, for rent issuing out of land, when no place is appointed, is payable on the land, (1 Inst. 210, 211;Bac. Abr. Tender, C.) and hence it became necessary for the defendant to plead a tender, or a readiness to deliver the wheat upon the land." It is true that this case, so far as it holds that the rent under the covenant in that lease, in default of the landlord to appoint a place of payment, was payable upon theland, was overruled in the subsequent case of Lush v. Druse,
(4 Wend. 313,) which was an action of covenant upon a similar lease. It was there held that the parties having designated a place of payment at a distance of fifty miles from the land: to wit, the city of Albany, the rent could not in any event be payable upon the land, but must be paid somewhere in Albany. But it was also held, that the tenant was bound to seek the obligee to ascertain where he would receive the rent, and that if the landlord could not be found and no place was appointed, that the tenant might pay at any suitable place in the city of Albany; and it was assumed that he must pay or make a tender of the rent at some place.
Now it is plain, that the ground upon which the court in Lush
v. Druse, departed from the decision in Remsen v. Conklin,
viz: that the parties had, by the terms of their agreement manifested a clear intent, that the rent should be paid at a distance from the land, does not apply to the present case; because one branch of the alternative provision, as to the place of payment in this case is, that the rent is to be paid within lot No. three, in the manor of Livingston, which lot embraced the demised premises. It cannot be said therefore in this case, that the parties have agreed that the rent shall at all events be payable off the land. The case is therefore even stronger in favor *Page 93 
of the land itself as the place of payment, than if no place whatever had been named. Hence I am inclined to think that under the covenant in this case, it should be held as it was, and but for the peculiar terms of the covenant, would have been correctly held in Remsen v. Conklin, that the lessee had a right, if he received no notice of any other place, to tender the rent upon the land, without even calling upon the lessor to make an appointment.
But if it be held as was held in Lush v. Druse, (supra,) that the tenant was bound to seek the landlord for the purpose of ascertaining where he wished the rent to be paid, it would not affect the result in this case. Because whether the landlord omitted, without being called upon, or refused when called upon, to designate any place, it was equally the right and the duty of the tenant, as clearly appears from the cases cited, to pay or tender the rent at such place as the law would designate; which in this case, would no doubt be upon the demised premises.
In any view of the case, therefore, the defendant was in default, and the ruling of the judge at the circuit was in all respects correct. The judgment should be affirmed.
Judgment affirmed. *Page 94